UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PETER MOORE, Individually and for Others Similarly Situated, | Case No. _____ |
| v. | Judge _____ |
| SHANAHAN ENGINEERING, INC. | JURY DEMAND |

## ORIGINAL COMPLAINT

### SUMMARY

1. Shanahan Engineering, Inc. (SEI) failed to pay Peter Moore (Moore), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), and Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2. Instead, SEI paid Moore, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a work week.

3. Moore brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court because Moore resides in Brentwood, Tennessee, in this District and Division.

### THE PARTIES

6. Moore was an hourly employee of SEI.

7. His written consent is attached as **Exhibit A**.

8. SEI is headquartered in Florida, but provides services throughout the country.

9. SEI may be served with process by serving its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## COVERAGE UNDER THE FLSA

10. At all relevant times, SEI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all relevant times, SEI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, SEI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

13. At all relevant times, SEI had an annual gross volume of sales made in excess of $1,000,000.

14. At all relevant times, Moore and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

15. Shanahan Engineering, Inc. is a worldwide company that provides construction, commissioning and plant operation on large scale projects. https://shanahanengineering.com/.

16. SEI hired Moore around January 2017.

17. SEI staffed Moore to Siemens in Lordstown, Ohio.

18. Moore stopped working for SEI in February of 2018.

19. Moore was assigned the title of Quality Manager by SEI.

20. Moore reported the hours he worked to SEI on a regular basis.

21. SEI did not guarantee Moore a salary.

22. Moore was paid $65 for every approved hour worked.

23. Moore's offer letter listed his overtime rate at $65 per hour.

24. If Moore worked fewer than 40 hours in a week, he was only paid for the hours worked.

25. But Moore normally worked more than 40 hours in a week.

26. Moore routinely worked 60 hours a week.

27. The hours Moore and the Putative Class Members' work are reflected in SEI's records.

28. SEI paid Moore at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

29. Rather than receiving time and half as required by the FLSA and the Ohio Wage Acts, Moore only received "straight time" pay for overtime hours worked.

30. This "straight time for overtime" payment scheme violates the FLSA and the Ohio Wage Acts.

31. SEI was and is aware of the overtime requirements of the FLSA and the Ohio Wage Acts.

32. SEI nonetheless failed to pay certain hourly employees, such as Moore, overtime.

33. Moore and the Putative Class Members perform job duties in furtherance of the power industry business sector and construction industry and are subjected to similar compensation practices.

3

34. Moore and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

35. Moore and the Putative Class Members regularly worked in excess of 40 hours each week.

36. SEI did not pay Moore and the Putative Class Members on a salary basis.

37. SEI paid Moore and the Putative Class Members "straight time for overtime."

38. SEI failed to pay Moore and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

39. SEI knew, or acted with reckless disregard for whether, Moore and the Putative Class Members were paid on a salary basis or were exempt from the FLSA and Ohio Wage Acts overtime requirements.

40. SEI's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the Ohio Wage Acts.

**FLSA VIOLATIONS**

41. As set forth herein, SEI has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

42. SEI knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. SEI's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

43. Accordingly, Moore and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## OHIO WAGE ACT VIOLATIONS

44. Moore brings this claim under the Ohio Wage Act as a Rule 23 class action.

45. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

46. At all relevant times, SEI was and is subject to the requirements of the Ohio Wage Act.

47. At all relevant times, SEI employed Moore and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

48. The Ohio Wage Act requires employers like SEI to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Moore and each member of the Ohio Wage Act Class are entitled to overtime pay under the Ohio Wage Acts.

49. SEI had a policy and practice of misclassifying Moore and each member of the Ohio Wage Act class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

50. Moore and each member of the Ohio Wage Act Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

51. Moore and each member of the Ohio Wage Act Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by SEI, as provided by the Ohio Wage Act.

5

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

52. SEI's illegal "straight time for overtime" policy extends beyond Moore.

53. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

54. SEI paid numerous other hourly workers using the same unlawful scheme.

55. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

56. The workers impacted by SEI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

57. Therefore, the class is properly defined as:

**All employees of Shanahan Engineering, Inc. who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members")**

58. By failing to pay Moore and the Putative Class Members overtime at one-and-one-half times their regular rates, SEI violated the FLSA and Ohio Wage Acts' overtime provisions.

59. SEI owes Moore and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

60. Because SEI knew, or showed reckless disregard for whether its pay practices violated the FLSA, SEI owes these wages for at least the past three years.

61. SEI is liable to Moore and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

62. Moore and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

63. Moore has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Moore has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

64. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and SEI will reap the unjust benefits of violating the FLSA and applicable state labor laws.

66. Furthermore, even if some of the Putative Class Members could afford individual litigation against SEI, it would be unduly burdensome to the judicial system.

67. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

68. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether SEI employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and Ohio Wage Acts;

    b. Whether SEI's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    c. Whether SEI's violation of the FLSA and Ohio Wage Acts was willful; and

7

Case 3:20-cv-00021   Document 1   Filed 01/09/20   Page 7 of 9 PageID #: 28

    d.     Whether SEI's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

69. Moore's claims are typical of the claims of the Putative Class Members. Moore and the Putative Class Members sustained damages arising out of SEI's illegal and uniform employment policy.

70. Moore knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment

## PRAYER

72. Moore prays for relief as follows:

    a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

    b.     Judgment awarding Moore and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law;

    d.     All such other and further relief to which Moore and the Putative Class Members may show themselves to be justly entitled; and

    e.     That Plaintiffs demand a jury for the trial of this cause.

Dated this 8th day of January, 2020.

Respectfully submitted,

By: /s/ Trevor W. Howell

Trevor W. Howell
BPR 009496
**Howell Law, PLLC**
P. O. Box 158511
Nashville, TN 37215
(615) 406-1416 (Telephone)
(615) 373-8206 (Facsimile)
Trevor@howelllawfirmllc.com
**Local Counsel**


**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed Id. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

9